# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY,

JUNE TERM, 1883.

---

ALFRED I. CLAYPOOL et al., executors, appellants,

*v.*

JOSEPH NORCROSS, respondent.

1. In appeals to the prerogative court in a probate case there must be a demand of an appeal evidenced in writing in some form in the orphans court within the period limited by the statute.

2. The case of *Hillyer* v. *Schenck, 2 McCart. 398,* approved and followed

---

On appeal from a decree by the ordinary, whose opinion is reported in *Claypool* v. *Norcross, 9 Stew. Eq. 524.*

*Mr. F. Voorhees* and *Mr. G. S. Cannon,* for appellants.

*Mr. C. E. Hendrickson* and *Mr. B. Gummere,* for respondent.

Claypool v. Norcross.

The opinion of the court was delivered by

BEASLEY, C. J.

The only question in this case is whether an appeal was properly taken in a probate case from the orphans court to the prerogative court.

The one hundred and seventy-sixth section of the orphans court act (*Rev. p. 791*) requires that an appeal of this kind shall be made within thirty days after the making and signing of the decree in the orphans court. It is admitted in this case that no written. demand of an appeal, nor any written memorandum of a verbal demand of an appeal, was made in the orphans court within the time thus prescribed. What is claimed to have been done is that an oral demand of an appeal was made in such court within such period, and that before the expiration of the thirty days a petition of appeal was filed in the prerogative court, and a copy duly served on the solicitor of the opposite party.

I shall not refer to the testimony before the court for the purpose of settling the disputed fact whether or not there was in the present case an oral demand of an appeal made to the orphans court within the thirty days defined by the statute. Such a question seems to me of no importance to this inquiry. More than twenty years ago, in *Hillyer* v. *Schenck, 2 McCart. 398*, it was decided, after a thorough examination, by Chancellor Green, sitting as surrogate-general, that when the statute referred to a demand of an appeal, it had reference to an established course of proceeding, that is, to a demand made to the orphans court and evidenced by a writing in that court. The experienced and painstaking judge who expressed this view, rested it, not only on the practice of the English ecclesiastical courts, but also on the long-established procedure in this state. He stated that so far as his knowledge extended, an appeal in these cases had never rested on an oral demand, and it is safe to say that since that decision no such course has been attempted until the occurrence of the present instance. To sustain the present appeal, in despite of the legal rule thus established and promulged, would introduce a public inconvenience, for it would leave no rule, that would be

entitled to be called a definite one, as a guide to practitioners. I think the rule should be adhered to which requires, in these appeals, a demand evidenced in some form, in writing, before the orphans court within the statutory period.

The decree appealed from should be affirmed.

For affirmance—The Chief-Justice, Depue, Knapp, Magie, Reed, Scudder, Van Syckel, Cole, Green, Kirk, Whitaker—11.

For reversal—Dixon, Paterson—2.